UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TARRUS HAKEEM KELLY,
    Plaintiff,

vs.                                                  Case No.: 3:25cv543/LAC/ZCB

CENTURION OF FLORIDA, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is incarcerated in the Florida Department of Corrections (FDOC). He is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. (Docs. 7, 11).

Presently before the Court is the Amended Complaint. (Doc. 11). The Court is statutorily required to screen Plaintiff's Amended Complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915(e) (requiring screening of *in forma pauperis* complaints); *see also Jones v. Bock*, 549 U.S. 199, 202 (2007) (recognizing that Congress has mandated "early judicial screening of prisoner complaints"). After screening the Amended

1

Complaint, the undersigned recommends dismissal of Plaintiff's claims for failure to state a claim on which relief can be granted.[1]

## I.     Background[2]

Plaintiff's complaint names three Defendants:  (1) Centurion of Florida, the contracted provider of medical services to FDOC inmates; (2) Dr. E. Hernandez-Perez, Regional Medical Director; and (3) C. Bearden, a licensed practical nurse.  (Doc. 11 at 1-3).  In June 2024, Plaintiff suffered from hypertension (high blood pressure) and was prescribed two medications, Lisinopril (10 mg) and Amlodipine (10 mg).  (*Id.* at 5).  The medications were designated "Keep On Person (KOP)" which meant Plaintiff stored them in his cell and administered them himself.  (Doc. 1 at 14).

---

[1] The Court previously provided Plaintiff an opportunity to amend after explaining to him deficiencies in his prior pleading.  (Doc. 9). Nonetheless, Plaintiff's Amended Complaint still includes the same pleading deficiencies.  *See generally Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating that a plaintiff typically "must be given at least one chance to amend the complaint before the district court dismisses the action").

[2] At this point, the Court assumes the truth of all well-pled factual allegations. Conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

On June 20, 2024, Plaintiff was taken to the medical department at Walton Correctional Institution for a pre-confinement exam. (Doc. 11 at 5). Plaintiff had taken his Lisinopril that morning. (*Id.* at 5-6). Defendant Nurse Bearden asked Plaintiff if he had his medications with him. (Doc. 1 at 5). Plaintiff responded no. (*Id.*). Nurse Bearden did not check Plaintiff's blood pressure. (Doc. 11 at 5-6). She told Plaintiff she would deliver his medications to him in confinement, but she never did. (*Id.* at 6, 8).

Plaintiff began experiencing weight loss, headaches, severe sleepiness, nausea, some diarrhea, and lower back pain. (*Id.* at 7). He filed a medical grievance on June 26, 2024 concerning his failure to receive his medications and describing his symptoms. (Doc. 11 at 7; Doc. 1 at 16). Defendant Dr. Hernandez-Perez responded to Plaintiff's grievance the next day, June 27. (Doc. 11 at 8; Doc. 1 at 17). Dr. Hernandez-Perez told Plaintiff that sick call was available to address any medical issues, and medical staff would then refer him to a doctor for evaluation if necessary. (Doc. 11 at 8; Doc. 1 at 17). Dr. Hernandez-Perez

3

also told Plaintiff that he was scheduled to see the medical provider and to "watch the call out" for the appointment. (Doc. 1 at 17).

Plaintiff appealed Defendant Hernandez-Perez's response. (Doc. 11 at 7-8; Doc. 1 at 19). The Health Services Director denied the appeal. (Doc. 1 at 19). The Director explained that Plaintiff was seen by a clinician on July 25, 2024 (two days after Plaintiff filed the appeal) and had an opportunity to address his medical concerns then. (*Id.*). Indeed, Plaintiff alleges he received his blood pressure medication on July 25, 2024, thirty-five days after his pre-confinement exam with Nurse Bearden. (Doc. 11 at 7).

According to Plaintiff, Defendant Centurion has a policy or custom of requiring medical staff to wait until security staff brings an inmate's medication from his pre-confinement cell to the medical department before delivering the medication to the inmate in confinement. (Doc. 11 at 8-9; Doc. 1 at 14). He alleges this policy or custom caused the delay in his receiving his blood pressure medications. (Doc. 11 at 9).

Plaintiff alleges the delay in receiving his medications caused him to suffer physical and emotional harm. (*Id*. at 6-7, 9). He brings claims

4

of medical deliberate indifference against Defendants Nurse Bearden, Dr. Hernandez-Perez, and Centurion under the Eighth Amendment. (*Id.* at 9). Plaintiff seeks billions of dollars in compensatory and punitive damages. (*Id.*).

## II.  Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (cleaned up). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

*Pro se* pleadings are to be liberally construed. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). But "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

### III. Discussion

#### A. Plaintiff has not stated a plausible § 1983 claim against Defendant Nurse Bearden.

Plaintiff asserts a claim of deliberate indifference to medical needs against Defendant Nurse Bearden under the Eighth Amendment.

The Eighth Amendment forbids the "inflict[ion]" of "cruel and unusual punishments." U.S. Const. amend. VIII. The Supreme Court has held that it is "cruel and unusual punishment" for prison officials to act with "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). That means prison officials are obligated to provide prisoners with "minimally adequate medical care." *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991). The deliberate indifference standard is much higher than simple negligence or medical malpractice. *Id.* at 1505. The Eighth Amendment does not

require a prisoner's medical care to be "perfect, the best obtainable, or even very good." *Id.* at 1510 (cleaned up). Indeed, the deliberate indifference standard is only met if medical care is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* at 1505 (cleaned up).

Prevailing on a deliberate indifference claim requires Plaintiff to satisfy two prongs—one objective, one subjective. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). Satisfying the objective prong requires a plaintiff to show an "objectively serious medical need." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020) (cleaned up). A medical need is objectively serious if it "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention—that, if left unattended, poses a substantial risk of serious harm." *Id.* (cleaned up). To satisfy the subjective prong, a plaintiff must provide sufficient evidence that prison officials "acted with subjective recklessness as used in the criminal law[.]" *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc) (cleaned up). Subjective

7

recklessness requires that prison officials were "actually, subjectively aware that [their] own conduct caused a substantial risk of serious harm to the plaintiff." *Id.* But "even if the defendant actually knew of a substantial risk to inmate health or safety, he cannot be found liable under the [Eighth Amendment] if he responded reasonably to the risk." *Id.* (cleaned up).

Plaintiff claims that Defendant Nurse Bearden was deliberately indifferent because she did not take a blood pressure reading during the pre-confinement exam, and she also did not deliver Plaintiff's blood pressure medications to his confinement cell. These allegations do not permit a reasonable inference of deliberate indifference. Deliberate indifference requires a showing that the defendant's conduct was intentional. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985) (explaining that "[t]he knowledge of the need for medical care and intentional refusal to provide that care has consistently been held to…constitute deliberate indifference."). Plaintiff does not allege any facts showing that Nurse Bearden intentionally refused to take a blood pressure reading as opposed to simply negligently failing to do so.

8

Likewise, Plaintiff does not allege any facts showing that Nurse Bearden intentionally refused to deliver Plaintiff's medications as opposed to simply negligently failing to do so. Plaintiff has not alleged facts that permit the Court to draw a reasonable inference of deliberate indifference on Nurse Bearden's part. For this reason, Plaintiff has not stated a plausible § 1983 claim against Defendant Nurse Bearden.

### B. Plaintiff has not stated a plausible § 1983 claim against Defendant Dr. Hernandez-Perez.

Plaintiff's Eighth Amendment claim against Defendant Dr. Hernandez-Perez fares no better. Plaintiff alleges Dr. Hernandez-Perez was deliberately indifferent to his need for the medications because Dr. Hernandez-Perez denied his grievance concerning Nurse Bearden's failure to provide it.

Dr. Hernandez-Perez's signature on the grievance suggests he knew that Plaintiff had been without his medications for six days and was experiencing ill effects. *See Johnson v. Lewis*, 83 F.4th 1319, 1329 (11th Cir. 2023) (explaining that defendant doctor's signature on denied grievance detailing plaintiff's medical condition and lack of treatment supported a reasonable inference that doctor had knowledge of the

9

contents of the grievance). But Dr. Hernandez-Perez's immediate act (the day after he received the grievance) of scheduling Plaintiff to be seen by a clinician, instructing Plaintiff to "watch the call out," and reminding Plaintiff of the availability of sick call, shows that Dr. Hernandez-Perez "responded reasonably" to any risk to Plaintiff's health or safety. *Wade*, 106 F.4th at 1262. For this reason, Plaintiff has not stated a plausible § 1983 claim against Dr. Hernandez-Perez.

### C. Plaintiff has not stated a plausible § 1983 claim against Defendant Centurion.

This leaves Plaintiff's Eighth Amendment claim against Defendant Centurion, the employer of Nurse Bearden and Dr. Hernandez-Perez. According to Plaintiff, Centurion has a policy or custom of requiring medical staff to wait until security staff brings an inmate's medication from his pre-confinement cell to the medical department before delivering the medication to the inmate in confinement. He alleges this policy or custom caused the delay in his receiving his blood pressure medications.

"Because Centurion is a private entity contracting with FDOC to provide medical services to inmates, it is treated as a municipality under

§ 1983." *Derks v. Bassa*, No. 22-13202, 2023 WL 5664197, at *2 (11th Cir. Sept. 1, 2023). As such, to prevail on a § 1983 claim against Centurion, a plaintiff must show that (1) his constitutional rights were violated; (2) Centurion had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) the policy or custom caused the violation. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004); *Estate of Hand v. Fla. Dep't of Corr.*, No. 21-11542, 2023 WL 119426, at *6 (11th Cir. Jan. 6, 2023) (stating that "§ 1983 liability against Centurion must be conditioned on the existence of an official policy or custom that constitutes deliberate indifference").

Here, Plaintiff has not shown that Centurion's policy constituted deliberate indifference to inmates' needs for medication. Plaintiff does not allege any facts that permit a reasonable inference that Centurion knew that the policy was causing delays in inmates' receiving medication or placing inmates at substantial risk of serious harm.[3]

---

[3] Moreover, the availability of Centurion's sick call procedure cuts against any inference of deliberate indifference. That procedure provided a safety net for any inmate who experienced a delay in receiving medication. Plaintiff knew about the sick call process because he has been in FDOC custody for several years. Additionally, Dr. Hernandez-

11

Plaintiff's allegations also fail to permit a reasonable inference of causation. He suggests the delay in his receiving medication would not have occurred if nurses had been able to retrieve the medications from his cell instead of their having to wait for security staff to do so. But this allegation is purely speculative and not based on any facts. There are simply no facts alleged that permit a reasonable inference that the delay in delivery of Plaintiff's medication was the result of Centurion's policy of waiting for security staff to bring it to the medical department.

Plaintiff has not shown that Centurion's policy or custom constituted deliberate indifference. Nor has he shown that the policy caused the delay in his receiving medications. For these reasons, he has not stated a plausible § 1983 claim against Centurion.

### IV.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

---

Perez reminded Plaintiff that sick call was available to address any medical concerns.

1.     Plaintiff's Eighth Amendment deliberate indifference claims against Defendants be **DISMISSED** for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

2.     The Clerk of Court be directed to close this case.

At Pensacola, Florida this 14th day of July 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

**Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.